IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHADBOURNE T. SHARPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19cv985 |
| | ) | |
| FCFS NC, INC., FAMOUS PAWN, | ) | |
| INC., and FIRSTCASH, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is Plaintiff Chadbourne T. Sharpe's motion to remand (Doc. 13), and Defendants' motion to dismiss, transfer, or stay this action (Doc. 9). For the reasons set forth below, Sharpe's motion to remand will be granted, and Defendants' motion will be denied as moot.

**I. BACKGROUND**

In 2015, Defendants FCFS NC, Inc. ("FCFS NC"), Famous Pawn, Inc. ("Famous Pawn"), and FirstCash, Inc. ("FirstCash") entered into two Asset Purchase Agreements ("Agreements") to buy several pawn shops from Plaintiff Chadbourne T. Sharpe and Doug Sharpe and Sons, Inc. ("Sharpe & Sons") in North Carolina and Virginia. (Doc. 1-3 ¶ 1.) FirstCash is a Delaware corporation with its principal place of business in Texas. (Id. ¶ 5.) FCFS NC is a North Carolina corporation with its principal place of business in Texas. (Id. ¶ 3.) Famous Pawn is a Maryland corporation with its principal

place of business in Texas.  (Id. ¶ 4.)  Sharpe & Sons is a North Carolina corporation, (Id. ¶ 8), while Plaintiff Sharpe, at the time he filed this suit, was a citizen of Puerto Rico (Id. ¶ 2).

In the first of the Agreements, Plaintiff Sharpe and Sharpe & Sons agreed to sell two pawn stores in North Carolina to FCFS NC and FirstCash.[1]  (Id. ¶ 8.)  Sharpe & Sons was identified as the "seller," and Sharpe was identified as the sole shareholder of Sharpe & Sons.[2]  (Id. ¶ 9.)  FCFS NC was identified as the "Purchaser," and FirstCash was identified as the "Purchaser's Parent."  (Id.)  In the second of the Agreements, a group of three corporations agreed to sell twenty-three pawn stores to Defendants.  (Id. ¶¶ 11-12.)  The three selling corporations were identified as the "Sellers," and Sharpe was identified as the sole shareholder of the corporations.[3]  (Id. ¶ 12.)  FCFS NC and Famous Pawn were both identified as a "Purchaser," and FirstCash was identified as the "Purchaser's Parent."  (Id.)  The Agreements contained identical noncompete and arbitration clauses.  (Id. ¶¶ 17-18.)  Sharpe alleges that the arbitration clause provides

---

[1] FirstCash was formerly known as First Cash Financial Services, Inc.  (Doc. 1-3 ¶ 5.)

[2] While Sharpe & Sons is identified as the seller, the Agreements designate Sharpe as a "party" and subject to the non-compete and arbitration provisions.  Sharpe also signed the Agreements as a "party."  (Doc. 1-3 at 25, 47, 63, 85.)

[3] These three corporations have since dissolved or terminated and are no longer in existence.  (Doc. 1-3 ¶¶ 14-16.)

2

for the parties to decide disputes via binding arbitration before the American Arbitration Association ("AAA"), to be conducted in Tarrant County, Texas. (Id. ¶ 18.)

On June 12, 2019, FirstCash initiated an arbitration proceeding against Sharpe in Tarrant County, Texas, before the AAA, alleging breach of contract, fraud, and negligent misrepresentation. (Id. ¶ 32). On August 13, 2019, Sharpe filed the present action as a complaint in North Carolina state court seeking a declaratory judgment that he is not bound by the noncompete and arbitration clauses contained in the Agreements. (Id. ¶ 1.) At the time he brought this lawsuit, Sharpe was a citizen of Puerto Rico. (Id. ¶ 2.) Sharpe seeks relief against FirstCash, FCFS NC, and Famous Pawn. (Id. ¶¶ 37-46.) On September 25, 2019, FirstCash removed the case to this court.[4] (Doc. 1.) In its notice of removal, Defendants argued that the case was removable because Sharpe had fraudulently joined FCFS NC in the state action. Sharpe timely filed a motion to remand. (Doc. 13.) Defendants filed a response (Doc. 17), and Sharpe filed a reply (Doc. 22). Defendants also filed a motion to dismiss, stay, or transfer. (Doc. 9.) Sharpe filed a response (Doc. 17), and Defendants filed a reply (Doc. 19). All motions are ready for decision.

---

[4] The other Defendants consented to removal, since all Defendants are represented by the same counsel. (Doc. 1 ¶ 11.)

3

## II. ANALYSIS

There is no dispute that complete diversity exists. However, 28 U.S.C. § 1441(b)(2) -- also known as the forum defendant rule -- prevents removal based on diversity if any of the properly joined defendants is a "citizen of the State in which such action is brought." Because FCFS NC is a North Carolina corporation, Sharpe argues that removal was improper and remand is required. Defendants claim that Sharpe fraudulently joined FCFS NC merely to defeat removal. See Whittemore v. Country Inn & Suites by Carlson, Inc., No. 5:14-cv-01980-JMC, 2014 WL 7446204, at *2-3 (D.S.C. Dec. 30, 2014) (applying the fraudulent joinder doctrine to a forum defendant when complete diversity otherwise existed).

To establish that FCFS NC was fraudulently joined, Defendants must demonstrate either that there is "*no possibility*" that Sharpe would be able to establish a cause of action against FCFS NC in state court; or that there has been "outright fraud" in Sharpe's pleading of jurisdictional facts. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Because Defendants do not claim outright fraud here, they must demonstrate that there is no possibility that Sharpe would prevail in his declaratory judgment action against FCFS NC in state court. To meet this test, "defendant[s] must show that the plaintiff cannot establish a claim against the nondiverse defendant even after

4

## II. ANALYSIS

There is no dispute that complete diversity exists. However, 28 U.S.C. § 1441(b)(2) -- also known as the forum defendant rule -- prevents removal based on diversity if any of the properly joined defendants is a "citizen of the State in which such action is brought." Because FCFS NC is a North Carolina corporation, Sharpe argues that removal was improper and remand is required. Defendants claim that Sharpe fraudulently joined FCFS NC merely to defeat removal. See Whittemore v. Country Inn & Suites by Carlson, Inc., No. 5:14-cv-01980-JMC, 2014 WL 7446204, at *2-3 (D.S.C. Dec. 30, 2014) (applying the fraudulent joinder doctrine to a forum defendant when complete diversity otherwise existed).

To establish that FCFS NC was fraudulently joined, Defendants must demonstrate either that there is "*no possibility*" that Sharpe would be able to establish a cause of action against FCFS NC in state court; or that there has been "outright fraud" in Sharpe's pleading of jurisdictional facts. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Because Defendants do not claim outright fraud here, they must demonstrate that there is no possibility that Sharpe would prevail in his declaratory judgment action against FCFS NC in state court. To meet this test, "defendant[s] must show that the plaintiff cannot establish a claim against the nondiverse defendant even after

resolving all issues of fact and law in the plaintiff's favor." Id. at 232-33. This standard is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss". Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). Sharpe need only have a "slight possibility of a right to relief in state court. Once the court identifies [a] glimmer of hope for the plaintiff," a fraudulent joinder claim fails. Id. at 426 (internal citation omitted).

Defendants argue that FCFS NC was not properly joined as a party to Sharpe's declaratory judgment action because FCFS NC is not an "interested party." (Doc. 20 at 10-11.) In essence, Defendants argue that because FCFS NC is not participating in the arbitration between FirstCash and Sharpe, a declaratory judgment would not affect its rights.

Sharpe's lawsuit seeks declaratory relief against the Defendants under North Carolina's Uniform Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 et seq., as to the parties' rights, obligations, and liabilities under the two Agreements. The Declaratory Judgment Act requires that "all persons shall be made parties who have . . . any interest which would be affected by the declaration . . . ." N.C. Gen. Stat. § 1-260. FCFS NC was a signatory to both Agreements, as was Sharpe. North Carolina courts have held that, under the Declaratory Judgment Act, "it is not necessary . . . that there exist a controversy between each and

5

every party to the action." Singleton v. Sunset Beach & Twin Lakes, Inc., 556 S.E.2d 657, 661 (N.C. Ct. App. 2001); see also Remington Arms Co., Inc. v. Heritage Graphics, LLC, 630 S.E.2d 743, 2006 WL 1676892, at *2 (N.C. Ct. App. June 20, 2006) (finding that, in a declaratory judgment action, even if there was "no actual controversy between plaintiff and [a] defendant," the defendant was still properly joined because there was a "likelihood that some interest of [the] defendant would be affected by the declaration"). Thus, the fact that FCFS NC has not participated in the arbitration does not mean that it is an uninterested party or that it was improperly joined in Sharpe's state action.[5] Any declaratory relief sought by Sharpe regarding the Agreements would necessarily affect FCFS NC's rights and obligations because it too is bound by the Agreements. Defendants have therefore failed to satisfy the high burden to establish that there is no possibility Sharpe could obtain declaratory relief against FCFS NC. As such, removal was not proper because FCFS NC is an in-state defendant, and the case should be remanded to state court pursuant to 28

---

[5] Defendants argue that if Sharpe wanted to include all parties who signed the Agreements, he failed to do so because he did not include the named "sellers" in the Agreements. But as Sharpe points out (and as the court must assume when considering a fraudulent joinder argument), he was the sole shareholder of the "seller" companies such that their interests are adequately represented by his involvement in the suit. Furthermore, the seller companies in the second Agreement are no longer in existence.

6

U.S.C. §§ 1441(b)(2) & 1447.[6]

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Sharpe's motion to remand (Doc. 13) is GRANTED and the court REMANDS this action to the General Court of Justice, Superior Court Division, of Alamance County, North Carolina, for further proceedings. Defendants' motion to dismiss, transfer, or stay (Doc. 9) is DENIED as moot.

The Clerk of Court is directed to close this case.

/s/ Thomas D. Schroeder<br>United States District Judge

July 16, 2020

---

[6] In light of the court's decision, it is unnecessary to decide Sharpe's alternate argument that Defendants failed to satisfy the amount-in-controversy requirement to establish diversity jurisdiction under 28 U.S.C. § 1331(a). Whether the state action should nevertheless be dismissed on remand because of the mandatory arbitration provision in the Agreements, as argued in Defendants' motion to dismiss, is a question for the state court, not this court, to resolve.

7